

Sarah S. Curley, Bankruptcy Judge

David R. Wroblewski, Esq. 020079
**WROBLEWSKI & ASSOCIATES, PC**
2020 N. Central Rd. Ste. 1100
Phoenix, Arizona 85004
Tel: 602.266.4570
Fax: 602.230-2027
Wro1111@yahoo.com
*Attorney for Debtors*

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

In re:

DAVID BARRY MANNING
xxx-xx-3833
And
KRISTYNNA RENEE PERU
xxx-xx-7204

964 E. GILA LANE
CHANDLER, AZ 85225

                                    Debtors.

In Proceedings Under Chapter 13

Case No.: 2:10-bk-12228-SSC

**AMENDED
STIPULATED ORDER CONFIRMING
CHAPTER 13 PLAN AND APPLICATION
FOR PAYMENT OF ADMINISTRATIVE
EXPENSE**

The Chapter 13 Plan having been properly noticed out to creditors,

**IT IS ORDERED** Confirming the Plan of the Debtors as follows:

1.    **INCOME SUBMITTED TO THE PLAN.** Debtors shall submit the following amounts of future income to the Trustee for distribution under the Plan.

   a.  Future Earnings or Income. Debtors shall make the following monthly Plan Payments:

| Months | Dates | Payments |
|--------|-------|----------|
| 1-25 | May 2010 through May 2012 | $475.00 |
| 26-34 | June 2012 through February 2013 | $535.00 |
| 35-60 | March 2013 through April 2015 | $930.00 |

The payments are due on or before the 23rd of each month commencing May 23rd, 2010. Debtors are advised that when payments are remitted late, additional interest may accrue on secured debts, which may result in a funding shortfall at the end of the Plan term. **Any funding shortfall must be cured before the plan can be discharged.**

The Debtors shall provide, directly to the Trustee copies of their **federal** and **state** income tax returns for 2010, 2011, 2012, 2013, 2014 and while in the bankruptcy case, within 15 days of

In re: David Manning and Kristynna Peru
Case No.: 2:10-bk-12228-SSC

1

Case 2:10-bk-12228-DPC    Doc 73    Filed 03/22/13    Entered 03/22/13 08:35:13    Desc
- Order Confirming Chapter 13 Plan    Page 1 of 5

filing. The purpose is to assist the Trustee in determining any change in Debtors' annual disposable income.

    b.  <u>Other Property.</u>  In the event that other property is submitted, it shall be treated as supplemental payments. In no event will the term of the Plan be reduced to less than 60 months, exclusive of any property recovered by the Trustee, unless all allowed claims are paid in full.

2.  **DURATION.** This Plan shall continue for 60 months from the first regular monthly payment described in Paragraph 1(a) above. If at any time before the end of the Plan period all claims are paid, then the Plan shall terminate.

3.  **CLASSIFICATION AND TREATMENT OF CLAIMS.** Claims shall be classified and paid as listed below. The Plan and this Order shall not constitute an informal proof of claim for any creditor. The Trustee shall receive the percentage fee on the Plan payments pursuant to 28 U.S.C. §586(e), then the Trustee will pay creditors in the following order:

    a.  <u>Administrative Expenses:</u>

<u>Attorney Fees.</u> Debtors agreed to a flat fee of $4,000.00. Phillips & Associates shall be allowed total compensation of $2,590.00. Phillips & Associates received $2,590.00 prior to filing this case and will be paid $0.00 by the Chapter 13 Trustee. David Wroblewski and Associates shall be allowed total compensation of $1,410.00 and will be paid $1,410.00 by the Chapter 13 Trustee for completion of the items in Section F(1) of the Amended Plan. All items in Section F(1) of the Amended Plan, including an initial appearance in any adversary proceedings, are included in the fees paid to Phillips & Associates and David Wroblewski & Associates. No additional fees beyond the original agreement signed by the Debtors are being charged.

<u>Additional Attorney Fees.</u> Debtors agreed to additional fees of $1,000.00 for the avoidance of the Junior Lien Holder and $750.00 for the Motion to Approve Loan Modification, both of which have been approved by this Court and to be paid by the Chapter 13 Trustee.

    b.  <u>Claims Secured by Real Property:</u>

**CITIMORTGAGE**, secured by a lien on the Debtors' primary residence located at 964 E. GILA LN., CHANDLER, AZ, shall be paid pre-petition arrears of $303.86. Regular post-petition payments will be made directly outside the Plan direct to the secured creditor by the Debtors. The Trustee has authority to pay on the secured debt owed to CITIMORTGAGE even though CITIMORTGAGE has filed no secured proof of claim but the Plan and this Order are <u>not</u> an informal proof of claim for CITIMORTGAGE.

**JP MORGAN CHASE BANK**, is secured by a second deed of trust in the Debtors' residence located at 964 E. GILA LN., CHANDLER, AZ. The lien of JP MORGAN CHASE BANK shall be avoided by separate order of this Court. As a result of the avoidance of the lien of JP MORGAN CHASE BANK, JP MORGAN CHASE BANK

In re: David Manning and Kristynna Peru
Case No.: 2:10-bk-12228-SSC

2

Case 2:10-bk-12228-DPC   Doc 73   Filed 03/22/13   Entered 03/22/13 08:35:13   Desc
- Order Confirming Chapter 13 Plan   Page 2 of 5

shall not be paid through the Plan as a secured creditor, or direct by the Debtors. Rather any filed claim of JP MORGAN CHASE BANK for this debt shall be classified and paid as a general unsecured claim.

**STONEGATE CROSSING UNIT THREE, INC**, is secured in accordance with the CC&R(s). The Debtors are current to STONEGATE CROSSING UNIT THREE, INC as of the petition date. As of the petition date, the Debtors owed $975.50 in pre-petition arrears. Said pre-petition arrears shall be paid through the Debtors' Plan. STONEGATE CROSSING UNIT THREE, INC has not filed a proof of claim, and, therefore, no funds shall be paid to it by the Trustee through the Plan. The Debtors shall continue to make regular contractual payments direct to STONEGATE CROSSING UNIT THREE, INC outside of the Plan. The Trustee has authority to pay on the secured debt owed to STONEGATE CROSSING UNIT THREE, INC even though STONEGATE CROSSING UNIT THREE, INC has filed no secured proof of claim but the Plan and this Order are not an informal proof of claim for STONEGATE CROSSING UNIT THREE, INC.

c. Claims Secured by Personal Property: None

d. Unsecured Priority Claims:

**INTERNAL REVENUE SERVICE**, filed a proof of claim setting forth that $3,349.72 is entitled for priority for the following years: 2007 and 2009. The priority amount shall be paid through the Debtors' Plan, and any remaining balance shall be treated as a general unsecured claim.

**ARIZONA DEPARTMENT OF REVENUE** filed a proof of claim setting forth that $313.00 is entitled for priority for the following years: 2009. The priority amount shall be paid through the Debtors' Plan, and any remaining balance shall be treated as a general unsecured claim.

e. Leases or Executory Contracts. The following leases and/or executor contracts are assumed or rejected as follows:

| Party | Description | Action |
|-------|-------------|--------|
| T-Mobile | Cellular Telephone Contract | Assume |

f. Surrendered Property: None

g. Co-Debtor Claim(s): None

h. Other Provisions: None

i. Unsecured Non-priority Claims. All other claims shall be classified as unsecured and non-priority. Such claims shall be paid pro rata the balance of the payments under the Plan and any unsecured debt balance remaining unpaid at the end of the Plan may be discharged as provided in 11 U.S.C. § 1328.

In re: David Manning and Kristynna Peru
Case No.: 2:10-bk-12228-SSC

3

Case 2:10-bk-12228-DPC    Doc 73    Filed 03/22/13    Entered 03/22/13 08:35:13    Desc
- Order Confirming Chapter 13 Plan    Page 3 of 5

4. **EFFECTIVE DATE AND VESTING.** The effective date of the Plan shall be the date of this Order. Property of the estate vests in Debtors upon confirmation.

DATED SIGNED AND ORDERED AS STATED ABOVE

Approved as to Form and Content By:

**WROBLEWSKI & ASSOCIATES, PC**

By: _____
David R. Wroblewski
2020 North Central Road, Suite 1100
Phoenix, AZ 85004
*Attorneys for Debtors*

**STANDING CHAPTER 13 TRUSTEE**

By: _____
Edward J. Maney, Trustee
101 N. First Avenue, Suite 1775
Phoenix, AZ 85004

**CERTIFICATION OF DEBTORS:** I, David B. Manning and I, Kristynna R. Peru, hereby certify as follows:

1.  I have reviewed the foregoing AMENDED Stipulated Order Confirming Chapter 13 Plan in this case, and that I approve the same; and

2.  I have filed all applicable Federal, State, and local tax returns as required by U.S.C. § 1308; and

3.  I have no domestic support obligations.

The Debtors certify: All required State and Federal income tax returns have been filed. No domestic support obligation is owed or, if owed, such payments are current since the time of filing the Petition.

_____
David B. Manning

_____
Kristynna R. Peru

In re: David Manning and Kristynna Peru
Case No.: 2:10-bk-12228-SSC

4

Case 2:10-bk-12228-DPC    Doc 73    Filed 03/22/13    Entered 03/22/13 08:35:13    Desc
- Order Confirming Chapter 13 Plan    Page 4 of 5

**Plan Summary.** If there are any discrepancies between the Plan and this Plan analysis, the provisions of the confirmed Plan control.

Administrative Expense: ($750 for Loan Modification Motion)..................................$3,160.00
Priority claims:........................................................................................................$3,662.72
Payments on Leases or to cure Defaults, Including Interest:........................................$1,279.39
Payments on Secured claims, Including Interest ...............................................................$0.00
Payments on Unsecured, Non-priority Claims:..........................................................$28,680.56
Subtotal:................................................................................................................$36,78300
Trustee's Compensations (10%) of Debtors' Payments): ...........................................$4,870.00
Total Plan Payments: ...............................................................................................$40,870.00

**Section 1325 Analysis.**

(1) Best Interest of Creditors Test:

(a) ........................................................................................................................V
alue of Debtors; Interest in nonexempt property: ...........................................$508.37

(b) ........................................................................................................................P
lus; Value of property recoverable under avoiding powers: ...................................$0.00

(c) ........................................................................................................................L
ess: estimated Chapter 7 administrative expenses: ...........................................$127.09

(d) ........................................................................................................................L
ess: Amount payable to unsecured priority creditors: ......................................$3,662.72

(e) ........................................................................................................................E
**quals:** Est. amount payable to unsecured, non-priority claims if debtors filed Chapter 7: ..............................................................................................................$0.00

Paragraph (2) to be completed by debtors whose current monthly income exceeds the state's median income

(2) Section 1325(b) Analysis;

(a) ........................................................................................................................A
mount from line 59, form B22C, Statement of Current Monthly Income: ...........$0.00

(b) ........................................................................................................................A
pplicable Commitment Period: ...................................................................x 60

(c) ........................................................................................................................S
ection 1325(b) amount ((B)(1)amount times 60): ............................................$0.000

(3)...........................................................................................................................E
stimated Payment to Unsecured, Non-priority Creditors under the Plan: ..........$28,680.56

In re: David Manning and Kristynna Peru
Case No.: 2:10-bk-12228-SSC

5

Case 2:10-bk-12228-DPC    Doc 73    Filed 03/22/13    Entered 03/22/13 08:35:13    Desc
- Order Confirming Chapter 13 Plan    Page 5 of 5